IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KATHY LITTON HOCHSTRASSER,
individually and on behalf of
all others similarly situated,

    Plaintiff,

v.                                       Civil Action No. 5:13CV53
                                                        (STAMP)
BROADSPIRE SERVICES, INC. and
CAPINVAD, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND,
DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES,
REMANDING CIVIL ACTION TO THE
CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA,
DENYING DEFENDANT CAPINVAD, LLC'S
MOTION TO DISMISS AS MOOT,
DENYING DEFENDANT BROADSPIRE SERVICES, INC.'S
MOTION FOR SUMMARY JUDGMENT AS MOOT
AND DENYING PLAINTIFF'S MOTION TO
AMEND/CORRECT COMPLAINT AS MOOT**

I.  Procedural History and Facts

The plaintiff, Kathy Litton Hochstrasser ("Hochstrasser"), filed this civil action in the Circuit Court of Ohio County, West Virginia against the above-named defendants and their representatives as a class action brought on behalf of a class consisting of residents of the state of West Virginia whose confidential information, unrelated to workers' compensation injuries, was wrongfully accessed. The plaintiff alleges that the alleged actions by the defendants violated West Virginia Code § 23-4-7(b) because they accessed confidential information outside

of the scope of investigating the workers' compensation claim of the plaintiff and those similarly situated.

Count I claims that the defendants have violated West Virginia Code § 23-4-7(b). The plaintiff contends that this section sets forth certain parameters that employers or their representatives must stay within when investigating a workers' compensation claim. The plaintiff asserts that the defendant, Capinvad, LLC ("Capinvad"), obtained medical information that did not relate to the claimant's occupational injury nor to "the portion of the claimant's body to which a medical impairment is alleged," and then provided that information to the employer-defendant, Broadspire Services, Inc. ("Broadspire").

Count II sets forth a violation of a fiduciary relationship claim. The plaintiff states that the defendants knew or should have known that the health care facilities they contacted for the wrongfully collected medical information were not lawfully allowed to disclose information unrelated to the plaintiff's injury. Thus, the defendants were intentionally reckless in inducing the health care facilities to breach their fiduciary relationship with the plaintiff.

Count III is a claim for invasion of privacy. The plaintiff asserts that although there is a lesser standard of privacy when a workers' compensation claim is filed, a claimant is still entitled to an expectation of privacy in medical information that does not

relate to the areas of the body not involved with the workers' compensation injury. Because the defendants sought a broader set of information than allowed, they invaded the privacy of the plaintiff and other class members.

Count IV is an outrageous conduct claim wherein plaintiff alleges that the defendants' actions of obtaining and disseminating the private medical information of the plaintiff and other class members constitutes outrageous conduct. The plaintiff claims that the defendants knew or should have known this would lead to emotional distress and other injuries to the plaintiff.

Finally, in Count V, the plaintiff puts forth a negligence claim alleging that the defendants' actions in collecting and disseminating the wrongfully accessed medical information was negligent and exceeded the scope of West Virginia Code § 23-4-7(b). Based on all of the above claims, the plaintiff seeks damages not to exceed $75,000.00 each and/or not to exceed $5,000,000.00 in the aggregate, including attorney's fees and costs, punitive damages, interest, and any other relief.

The defendants then filed a notice of removal in this Court, stating that this Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

On the same day the notice of removal was filed, April 17, 2013, several motions were also filed with this Court. Defendant Capinvad filed a motion to dismiss contending that (1) it cannot be

sued because Capital Investigating, the entity the plaintiff named initially in her complaint, is a trade name that under West Virginia law cannot be individually sued as a legal entity; and (2) the plaintiff has not served a valid service of process on Capinvad because the plaintiff only served Capital Investigating. Defendant Broadspire simultaneously filed a motion for summary judgment. In its motion, Broadspire makes several arguments: (1) the plaintiff signed a full waiver and release form that defeats her claims in this action because she had no right to privacy; (2) West Virginia Code § 23-4-7 does not require a higher standard of privacy than the waiver provided; (3) West Virginia Code § 23-4-7 does not provide a private cause of action under which the plaintiff can bring her claims; and (4) Broadspire is immune from this tort action under West Virginia Code § 23-4-2 because the alleged tortuous actions it committed were performed as part of the administration of a workers' compensation claim.

The final motion filed on April 17 was filed by the plaintiff. In the plaintiff's motion to amend/correct her complaint, she requested that this Court allow her to correct the class definition in her complaint which stated that the class included only persons whose medical authorizations and releases were not obtained before the defendants performed the collection of medical records. The plaintiff asked instead that her class definition state that the

class included persons who had signed release forms but whose medical records were collected outside of the scope of § 23-4-7.

The plaintiff then filed a motion to remand on May 14, 2013, arguing that her claims are not removable because the amount in controversy does not meet the required $5,000,000.00 threshold amount set by CAFA, or, in the alternative, that the proposed class consists of less than 100 members.

The plaintiff first contends that the defendants' calculation of the proposed class is speculative. The plaintiff argues that the defendants' use of every person who signed an authorization with them as a member of the proposed class is too broad. Rather, the plaintiff contends, every person who signed an authorization will have a unique situation depending on whether or not irrelevant medical records were obtained pursuant to the alleged overreaching authorization. The plaintiff concedes that during discovery it was found that Hochstrasser had signed a broad release form, without counsel, that allowed defendants to access the records that they did. The plaintiff asserts, however, that despite that fact, the defendants' calculation of the number of class members would still be too broad given that not every claimant would have had his/her confidential information wrongfully accessed and that the number includes persons that are not West Virginia residents.

The plaintiff also contends that the defendants' assertion as to the amount in controversy is speculative. In their notice of

5

removal, the defendants cite two West Virginia cases in support of their estimate of the damages in this case. The plaintiff argues that those two cases are different from the case at hand and that the defendants cannot assume that punitive damages or a certain amount of damages will be awarded simply from the scenarios of other cases. Because the defendants failed to estimate the damages based on the record, the plaintiff argues, their estimations are too speculative to stand. Further, the plaintiff reasserts that she only seeks $75,000.00 per claimant, and not more; and additionally that it would be highly unlikely that punitive damages would be awarded in this case. Finally, the plaintiff contends that she is entitled to attorney's fees because the defendants removed this action in bad faith and without a reasonable basis.

The defendants filed an opposition to the plaintiff's motion to remand asserting that removal was proper. The defendants contest that the proposed class is in excess of the 100 person requirement. In making this claim, the defendants cite the plaintiff's own assertions as to the underlying claims made in her complaint and in her motion to remand. The defendants assert that their calculation is based on the plaintiff's own contentions and thus, their estimate of 209 (95% of their original estimate of the number of class members that are West Virginia residents) class members meets their burden of proving jurisdictional numerosity.

Further, the defendants argue that they have also met their burden of proving the amount in controversy. The defendants contend that they based their estimate of the damages on the plaintiff's allegations in relation to other jury verdicts in the state of West Virginia. Additionally, the defendants argue that the plaintiff's characterization of the magnitude of these claims in relation to the cases cited by the defendants reveal that her claims would be even more valuable. Finally, the defendants assert that the plaintiff has provided "nothing but rank speculation" that the other class members will be entitled to only nominal damages. ECF No. 13 *13.

In their final contention, the defendants argue that the plaintiff is not entitled to an award of attorney's fees and costs, irrespective of the outcome of this motion. The defendants contend that they removed this action in good faith and had a reasonable basis for removal.

The plaintiff, in reply, first contends that the defendants have the burden of proof in showing that the amount in controversy and the proposed class meet CAFA requirements. The plaintiff points to the lack of evidence the defendants have put forth as to whether or not the 209 estimate includes persons whose information was incorrectly accessed or who may have signed a more narrow release. The plaintiff further responded by recognizing that she attempted to change the inclusion of the phrase "without prior

7

authorization" in the complaint but was unable to before the case was removed from state court.

The plaintiff further responded by again reviewing the cases used in comparison by the defendants, Slack v. Kanawha County Housing, 423 S.E.2d 547 (W. Va. 1992), and Tudor v. Charleston Area Medical Center, Inc., 506 S.E.2d 554 (W. Va. 1997). The plaintiff contends that the lack of similarity of the facts make the defendants' estimations speculative and that if this Court was to use any estimation given by the defendants, it should use "the spectrum" of $30,000.00 per claimant (which the defendants asserted was the lower end of the spectrum). ECF No. 14 *5. Additionally, the plaintiff reasserted that she has made a stipulation as to the fact that the damages will not exceed $5,000,000.00 in the aggregate. In support of this assertion, the plaintiff reiterates that the mere possibility of punitive damages, without more, is not enough to prove federal jurisdiction. Finally, the plaintiff reasserts her claim that the defendants did not have a good faith basis to remove this matter and thus, the plaintiff is entitled to attorney's fees.

Having reviewed the parties' pleadings and the relevant law, this Court finds that original jurisdiction does not exist under CAFA. Further, this Court finds that the defendants removed this civil action in good faith and thus, attorney's fees should not be awarded. Accordingly, the plaintiff's motion for remand must be

granted. However, the plaintiff's request for attorney's fees must be denied.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original juridiction over the matter. 28 U.S.C. § 1441. The Class Action Fairness Act ("CAFA") confers original jurisdiction on district courts over class actions in which (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2); (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," id. § 1332(d)(2)(A); and (3) "there are 100 or more plaintiff class members," id. § 1332(d)(5)(B). West Virginia ex rel. McGraw v. CVS Pharm., Inc., 646 F.3d 169, 174 (4th Cir. 2011). The claims of individual class members may be aggregated to meet the $5,000,000.00 amount in controversy. 28 U.S.C. § 1332(d)(6).

The burden of establishing the $5,000,000.00 jurisdictional threshold amount in controversy rests with the defendants. See Strawn v. AT&T Mobility LLC, 530 F.3d 293, 298 (4th Cir. 2008) (concluding that CAFA did not shift the burden of persuasion, which remains upon the party seeking removal). This Court has consistently applied the "preponderance of evidence" standard to determine whether a removing defendant has met its burden of proving the amount in controversy. The well-settled test in the

United States Court of Appeals for the Fourth Circuit for calculating the amount in controversy is "'the pecuniary result to either party which [a] judgment would produce.'" Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002) (quoting Gov't Employees Ins. Co. v. Lally, F.2d 568, 569 (4th Cir. 1964)). Accordingly, in this case, the defendants must show by a preponderance of the evidence that the pecuniary interest, in the aggregate, of either party is greater than $5,000,000.00. Under the statute, "one defendant may remove the entire action, including claims against all defendants." Lowery v. Ala. Power Co., 483 F.3d 1184, 1196 (11th Cir. 2007).

Removal jurisdiction is strictly construed. If federal jurisdiction is doubtful, the federal court must remand. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

### III. Discussion

Although the parties address the numerosity requirement of CAFA first in their briefings, this Court finds that the defendants have failed to carry the burden of proving the amount in controversy requirement by a preponderance of the evidence and thus, the numerosity requirement does not need to be addressed.

A. Amount in controversy

The plaintiff has alleged that the defendants obtained and disseminated confidential information that was beyond the scope allowed by West Virginia Code § 23-4-7(b). Because the defendants

10

obtained medical information that was not related to the underlying injury of the workers' compensation claim, the plaintiff and all others similarly situated are entitled to damages.

In determining the amount in controversy, this Court looks to the plaintiff's complaint. Strawn, 530 F.3d at 298. The plaintiff does not state in her complaint that the lead plaintiff's claim is the average or the maximum amount of damages that a person would seek whose medical information was illegally accessed. Instead, the complaint stipulates that no individual claim will exceed $75,000.00 nor will the aggregate damages claim exceed $5,000,000.00. A stipulation, however, is not conclusive as to the amount in controversy and this Court must conduct a further analysis. Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1348 (2013).

The defendants contend that despite the plaintiff's assertion, the aggregate amount will exceed $5,000,000.00, exclusive of interests and costs. The defendants cite, by way of comparison, two West Virginia cases that they believe support their claim that this case meets the CAFA amount in controversy requirement. The defendants contend that these two cases provide a damages range for the plaintiff's alleged injuries that would range from $30,000.00 for an invasion of privacy claim, Slack, 423 S.E.2d 547, to $500,000.00 for emotional distress and invasion of privacy claims, Tudor, 506 S.E.2d 554. The defendants claim that the plaintiff's

characterization of the wrongdoing by the defendants makes it apparent that she is alleging something more serious than the claims from the plaintiffs in Slack and Tudor. Thus, those damages amounts could even be lower than what the average plaintiff in this case would be entitled to.

Those cases cited by the defendants are factually distinguishable from this case. For instance, in Slack, the plaintiff brought a civil action claiming invasion of privacy, retaliatory discharge, and civil conspiracy claims against her former employer. Slack, 423 S.E.2d at 548. The former employer had planted listening devices in the plaintiff's office and had also had a custodian go through her trash. Id. at 550. The plaintiff was awarded $60,000.00 just on the invasion of privacy claim. However, the trial court had vacated it on the defendant's motion for judgment notwithstanding the verdict. Id. at 548. The West Virginia Supreme Court reinstated the $60,000.00 invasion of privacy claim and remanded the case for a retrial on the plaintiff's other claims. Id.

Although the nature of the claims are somewhat similar, in that the Slack case involved an invasion of privacy claim, the facts are substantially different. In Slack, the plaintiff's claims were far different than the instant claims of the plaintiff in this case. Although both cases involve serious allegations, that connection alone is not enough to substantiate the defendants'

12

assertion that the $60,000.00 verdict in Slack is illustrative of what may occur in this case. A jury viewing a case wherein an employer is illegally listening in on his employee's conversations and searching through her trash would likely not find that scenario comparable to one in where the employer allowed a workers' compensation claimant's medical information to be illegally collected and disseminated.

Additionally, as noted in Rohrbaugh v. Wal-Mart Stores, Inc., a jury could find that the plaintiff suffered an invasion of privacy but yet also find that the plaintiff has suffered no injury or is only entitled to nominal damages. 572 S.E.2d 881, 888 (W. Va. 2002) (finding that if a plaintiff has established liability for invasion of privacy, a possible outcome is that the plaintiff only receives nominal compensatory damages). Further, although a jury could award punitive damages along with nominal compensatory damages, the punitive damages must "bear a reasonable relationship to compensatory damages." Garnes v. Fleming Landfill, Inc., 413 S.E.2d 897, 908-909 (W. Va. 1991). Thus, there are too many factors that go into extracting an average damage award from only one example of an invasion of privacy case. The fact that punitive damages are a possibility without more is not enough for this Court to find that federal jurisdiction exists. Seifert v. Nationwide Mut. Ins. Co., No. 5:06CV152, 2007 WL 1381521 at *2 (N.D. W. Va. May 9, 2007).

13

The facts of the second case cited by the defendants are, if not more than <u>Slack</u>, distinguishable from the facts of this case. The plaintiff in <u>Tudor</u> was mounting claims against her former employer for constructive retaliatory discharge, tortious interference with employment opportunities, defamation, invasion of privacy, and intentional infliction of emotional distress. <u>Tudor</u>, 506 S.E.2d at 565-576. The plaintiff alleged that she had decided to resign from her job as a nurse after her complaints to her supervisor about under-staffing had fallen on deaf ears. <u>Id.</u> at 563. Thereafter, she sought other employment but was unable to secure another job because of negative, allegedly retaliatory, information her former employer was giving to prospective employers. <u>Id.</u> at 564. The jury awarded the plaintiff $86,157.00 in special damages for lost wages, $500,000.00 in general damages, and $1,000,000.00 in punitive damages against the employer defendant. <u>Id.</u> at 560. The jury awarded $50,000.00 in punitive damages against the plaintiff's former supervisor. <u>Id.</u> The West Virginia Supreme Court, however, remitted the plaintiff's punitive damages finding that they allowed the plaintiff an impermissible double recovery because of the damages awards otherwise given. <u>Id.</u> at 576.

The defendants stretch the similarity between the facts of <u>Tudor</u> and this case when they assert that the dissemination of the plaintiff's medical information was like the bad references given

14

to prospective employers. The <u>Tudor</u> case involved the revengeful actions and employment interference of a former employer. In this case, the actions of the employer are not alleged to be retaliatory in nature and would likely not result in such exorbitant damages for a single plaintiff. Because the similarities are not substantive, they cannot carry the day for the defendants even under a preponderance of the evidence standard.

B. <u>Attorney's fees</u>

The plaintiff has asked this Court to award her attorney's fees because the defendants did not have a good faith basis to remove this matter. The defendants, in opposition, argue that an attorney's fee award is not justified because the defendants removed the case in good faith and have shown a reasonable basis for their removal claim.

Under the removal statute, a district court's "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, [however,] courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) (citing

Hornbuckle v. State Farm Lloyds, 385 F.3d, at 541; Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (C.A.5 2000)).

In this case, the defendants removed on an objectively reasonable basis. The defendants believed that based on their estimation of a plaintiff class size of 209 multiplied by the jury verdicts that they believed were factually similar to this case, the amount in controversy would be met. This Court believes that based on the defendants' briefings, the removal of this case was done in good faith and that attorney's fees should not be awarded.

C. Parties' pending motions

Based on the above analysis, the parties' pending motions are denied but are dismissed without prejudice so that they may be filed in the state court if appropriate to do so. As the defendants' motions do not deal with issues pivotal to removal, they are now deemed moot. Although the plaintiff's motion does deal with the definition of the class and could potentially affect the jurisdiction of this Court because of the numerosity requirement under CAFA, this Court finds that because it has found that it does not have jurisdiction based on the amount in controversy element of CAFA, the plaintiff's motion to amend is also moot. Thus, because this Court has granted the plaintiff's motion to remand, all pending motions are denied as moot.

IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand is GRANTED and plaintiff's request for attorney's fees be DENIED. Further, defendant Capinvad, LLC's motion to dismiss is DENIED AS MOOT and is DISMISSED WITHOUT PREJUDICE. Defendant Broadspire Services, Inc.'s motion for summary judgment is DENIED AS MOOT and is DISMISSED WITHOUT PREJUDICE. Plaintiff's motion to amend/correct the complaint is DENIED AS MOOT and is DISMISSED WITHOUT PREJUDICE. This matter is hereby REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 8, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE